**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

ALBERT O. BAAH

    Debtor

Case No. 13-33937

GEORGE ELMER LONG

    Plaintiff

v.

ALBERT O. BAAH

    Defendant

Adv. Proc. No. 14-3008

**MEMORANDUM ON GEORGE
ELMER LONG'S MOTION
FOR SUMMARY JUDGMENT**

**APPEARANCES:**  WINCHESTER, SELLERS, FOSTER & STEELE, P.C.
   Walter N. Winchester, Esq.
   First Tennessee Plaza
   Suite 1000
   800 South Gay Street
   Knoxville, Tennessee 37929-9701
   Attorneys for the Plaintiff

   GENTRY, TIPTON & MCLEMORE, PC
   Maurice K. Guinn, Esq.
   Post Office Box 1990
   Knoxville, Tennessee 37901
   Attorneys for the Defendant

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

Plaintiff filed a Complaint for Nondischargeability of Debt, asking the court to determine that a state-court judgment in Plaintiff's favor is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Plaintiff now seeks summary judgment, arguing that the state-court decision should be given collateral estoppel effect for a finding by this court that the judgment is nondischargeable as a matter of law. Because the state-court decision is not dispositive of the elements of 11 U.S.C. § 523(a)(2)(A), summary judgment is not appropriate.

In support of his Motion for Summary Judgment, Plaintiff filed a memorandum of law and other supporting documents, including the required statement of undisputed material facts [Doc. 20], the Affidavit of George Elmer Long [Doc. 19-3], and Defendant Albert O. Baah's Responses to Plaintiff's First Set of Requests for Admission to Defendant (Responses to Requests for Admissions) [Doc. 19-1, pp. 2-10]. Appended as exhibits A and B, respectively, to the Responses to Requests for Admissions are the Final Judgment resolving *George Elmer Long v. Albert O. Baah and Knoxville Teachers Federal Credit Union*, Case No. 09-9-408, filed in the Chancery Court for Sevier County (State-Court Suit) [Doc. 19-1, pp. 11-15] and the Transcript of Proceedings dated January 25, 2011 (Trial Transcript) in the State-Court Suit [Doc. 19-1, pp. 31-244]. Defendant timely responded to the Motion by filing a brief [Doc. 23] and the requisite response to Plaintiff's statement of undisputed material facts [Doc. 22], as well as the Affidavit of Albert O. Baah [Doc. 21, pp. 3-7] to which is attached a Warranty Deed between the parties dated February 21, 2005, recorded with the Sevier County Register of Deeds on April 1, 2005 [Doc. 21, pp. 8-9]. Plaintiff replied to Defendant's response [Doc. 24], and this matter is now ripe for decision.[1] This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

---

[1] In addition to the materials submitted by the parties, the court takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of undisputed facts of record in Defendant's bankruptcy case.

## I.  Facts

The following facts are not in dispute.  Prior to February 2005, Plaintiff performed masonry work on Defendant's home. [Doc. 20 at ¶ 7; Doc. 22 at ¶ 7.]  On February 17, 2005, the parties entered into a Real Estate Sales Agreement (Sales Agreement) under which Defendant agreed to purchase Plaintiff's family farm located at 4242 Long Drive, Kodak, Tennessee (Long Drive Property) for $129,000.00. [Doc. 20 at ¶¶ 8-9; Doc. 22 at ¶¶ 8-9; Doc. 21, p. 4 at ¶ 11; Doc. 1-3.]  The sales price was to have been paid by installments of $5,000.00 every six months until paid in full or until Plaintiff's death. [Doc. 1-3; Doc. 9 at ¶ 10.]  Plaintiff executed a Warranty Deed that was recorded with the Sevier County Register of Deeds. [Doc. 20 at ¶ 9; Doc. 22 at ¶ 9; Doc. 1-4.]  On the same day that Plaintiff signed the Warranty Deed transferring the Long Drive Property to Defendant, Defendant also executed a Life Estate Warranty Deed that was never recorded with the Sevier County Register of Deeds. [Doc. 20 at ¶¶ 10-11; Doc. 22 at ¶¶ 10-11; Doc. 1-5.]  Following the execution and recordation of the Warranty Deed, Plaintiff continued to reside at the Long Drive Property. [Doc. 21, p. 5 at ¶ 14.]

Approximately ten months after the execution of the Warranty Deed, Defendant executed a Deed of Trust on the Long Drive Property in the amount of $165,375.00 in favor of Knoxville Teachers Federal Credit Union. [Doc. 20 at ¶ 12; Doc. 22 at ¶ 12; Doc. 1-6.]  Less than three weeks later, Defendant executed a second Deed of Trust on the property also in favor of Knoxville Teachers Federal Credit Union in the amount of $219,000.00. [Doc. 20 at ¶ 13; Doc. 22 at ¶ 13; Doc. 1-7.]  Defendant subsequently defaulted on his obligation to make payments to Plaintiff under the Sales Agreement, and Defendant attempted to sell the Long Drive Property. [Doc. 20 at ¶ 14, Doc. 22 at ¶ 14.]  On August 27, 2009, Defendant, through his attorneys, gave Plaintiff thirty days to vacate the premises. [Doc. 20 at ¶ 15; Doc. 22  at ¶ 15.]

Plaintiff then filed the State-Court Suit alleging breach of contract, fraud through fraudulent misrepresentation, and fraud through fraud in the inducement, asking for injunctive relief, seeking rescission of the Sales Agreement, and placing a lien lis pendens on the Long Drive Property. [Doc. 20 at ¶ 17; Doc. 22 at ¶ 17; Doc. 19-3 at ¶ 3; Doc. 1-8.] Following the January 2011 trial, the state court entered its Final Judgment on June 28, 2011, awarding Plaintiff money damages and attorneys' fees in the amount of $157,240.12 and finding that Plaintiff retained a life estate in the Long Drive Property. [Doc. 20 at ¶¶ 18-19, 21; Doc. 22 at ¶¶ 18-19, 21; Doc. 19-3 at ¶¶ 4-5; Doc. 1-9.] The state court, however, did not expressly state, in either the Final Judgment or in a partial bench ruling that is part of the Trial Transcript, the specific claims on which the court found for Plaintiff.[2] Rather, the court stated the following findings of fact and conclusions of law: (1) it was the parties' intent for Plaintiff to sell the Long Drive Property to Defendant for the purchase price of $162,000.00, with $129,000.00 payable over time in two $5,000.00 payments each year and $33,000.00 payable in the form of a pay-off of Plaintiff's debt to First Tennessee Bank National Association; (2) Defendant, having made payments totaling $26,900.00 as of the trial date, still owed Plaintiff $102,100.00 and was in arrears for periodic payments owed to Plaintiff totaling $28,100.00; and (3) the parties intended Plaintiff to retain a life estate interest in the Long Drive Property, which interest the court valued at $78,103.00. [Doc. 1-9.] Most important for the proceeding before this court, the state court expressly concluded that "Defendant obtained the property from Plaintiff through false representations and on false pretenses." [Doc. 1-9; *see also* Doc. 20 at ¶ 20; Doc. 22 at ¶ 20.] The state court also concluded in the partial bench opinion

---

[2] The remedies awarded by the state court appear to be in the nature of contract damages: the granting of a life estate as contemplated by the Sales Agreement, the award of a money judgment based on the contract rights (including limitation of Plaintiff's immediate collection right to the amount for which Defendant was in arrears under the Sales Agreement as of the trial date), the granting of a vendor's lien and equitable lien against Defendant's remainder interest relative to Knoxville Teachers Federal Credit Union (which holds a lien on the fee simple estate of the Long Drive Property as a bona fide purchaser for value), and attorneys' fees and expenses as provided by the Sales Agreement. [Doc. 1-9.]

4

immediately after trial that Defendant's conduct was "at least a constructive fraud." [Doc. 19-1 at pp. 234-35.]

On November 1, 2013, Defendant filed the Voluntary Petition commencing his Chapter 7 bankruptcy case. [Doc. 20 at ¶ 3; Doc. 22 at ¶ 3.] Plaintiff filed a proof of claim in Defendant's bankruptcy case in the amount of $178,629.77. [Claim No. 12-1.] Plaintiff timely filed the Complaint initiating this adversary proceeding, and, as stated in the Agreed Scheduling Order, the issues for determination by the court are as follows: (1) whether Plaintiff's claims in this adversary proceeding have been previously decided by the Sevier County Chancery Court; (2) whether the debt owed to Plaintiff by Defendant as set forth in the Final Judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and 523(c); (3) whether Defendant obtained the Long Drive Property from Plaintiff by false pretenses, false representations, or actual fraud; and (4) if Plaintiff's claim is nondischargeable, whether the amount should be reduced since Plaintiff has received a life estate interest in the Long Drive Property. [Doc. 15.]

In his Motion for Summary Judgment, Plaintiff argues that the undisputed facts evidence that he is entitled to a determination that the indebtedness owed to him by Defendant pursuant to the Final Judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Defendant disputes that Plaintiff is entitled to summary judgment, arguing that the findings of the state court are not sufficient to satisfy the elements necessary for a determination of nondischargeability under § 523(a)(2)(A).

## II.  Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" utilizing the following procedures:

5

> (1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c) (applicable in adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure). When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

As movant, Plaintiff bears the burden of proving that, based upon the record presented to the court, there is no genuine dispute concerning any material fact, such that the claims or defenses alleged are factually unsupported, entitling him to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to Defendant, the nonmoving party, to prove that there

are genuine disputes of material fact for trial, although he may not rely solely upon allegations or denials contained in the pleadings because reliance upon a "mere scintilla of evidence in support of the nonmoving party will not be sufficient." *Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,475 U.S. 574, 586 (1986). The facts and all resulting inferences are viewed in a light most favorable to the non-movant, with the court deciding whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 243. Nevertheless, when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

But for the state-court judgment, there is no question but that summary judgment should be denied because material facts, including intent, are disputed. In seeking summary judgment, Plaintiff relies solely on the doctrine of collateral estoppel *vis a vis* the state-court judgment. The key question for this court, thus, is whether the state-court judgment necessarily was founded on the requisite elements of a nondischargeability claim under 11 U.S.C. § 523(a)(2)(A).

### III. Analysis

Section 523(a)(2)(A) provides that an individual is not discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by [] false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . ." 11 U.S.C. § 523(a)(2)(A). In order to satisfy the requirements of § 523(a)(2)(A), Plaintiff must prove Defendant obtained money, property, or services through material misrepresentations that he knew were false or were made with gross recklessness; that Defendant intended to deceive Plaintiff; that Plaintiff justifiably relied on

7

Defendant's false representations; and that Plaintiff's reliance was the proximate cause of his losses. *McDonald v. Morgan (In re Morgan)*, 415 B.R. 644, 649 (Bankr. E.D. Tenn. 2009).

The crux of Plaintiff's argument in favor of summary judgment is that no genuine dispute as to any material fact exists because the state court expressly found in the Final Judgment that Defendant "obtained the [Long Drive Property] from Plaintiff through false representations and on false pretenses." [Doc. 19 at p. 8.] The state court's ruling on Plaintiff's claims relied upon the evidence showing that Defendant represented to Plaintiff that he would retain a life estate in the Long Drive Property after which Defendant did not record the Life Estate Warranty Deed and then mortgaged the property. [Doc. 1-9.]

The doctrine of collateral estoppel as applied in Tennessee "bars the same parties or their privies from re-litigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding . . . [so] that [such] determination is conclusive against the parties in subsequent proceedings . . . ." *Mullins v. State*, 294 S.W.3d 529, 534 (Tenn. 2009). Collateral estoppel applies "to issues of law and to issues of fact." *Gibson v. Trant*, 58 S.W.3d 103, 113 (Tenn. 2001); *see also Booth v. Kirk*, 381 S.W.2d 312, 315 (Tenn. Ct. App. 1963) ("[M]aterial facts or questions which were in issue in a former action and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and . . . such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties." (citation omitted)). A finding that collateral estoppel applies requires proof:

> (1) that the issue sought to be precluded is identical to an issue decided in an earlier proceeding; (2) that the issue sought to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding; (3) that the judgment in the earlier proceeding has become final; (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding; and (5) that the party against whom collateral estoppel is asserted had a full and fair

8

> opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Mullins*, 294 S.W.3d at 535. The party asserting collateral estoppel bears "the burden of proving that the issue was, in fact, determined in a prior suit between the same parties and that the issue's determination was necessary to the judgment." *Dickerson v. Godfrey*, 825 S.W.2d 692, 695 (Tenn. 1992).

> When a party invokes the doctrine of collateral estoppel, the court must first identify the legal or factual issues that were decided in the earlier proceeding. Then the court must identify the issue or issues sought to be precluded in the later proceeding. Finally, the court must determine whether the issue or issues sought to be precluded in the later proceeding are the same as the issue or issues that were actually decided in the earlier proceeding. *For the doctrine of collateral estoppel to apply, the issue or issues sought to be precluded in the later proceeding must be identical, not merely similar, to the issue or issues decided in the earlier proceeding.*

*Mullins*, 294 S.W.3d at 536 (emphasis added) (citing *Patton v. Estate of Upchurch*, 242 S.W.3d 781, 787 (Tenn. Ct. App. 2007)).

Notwithstanding that the state court expressly "conclude[d] that Defendant obtained the property from Plaintiff through false representations and on false pretenses" [Doc. 1-9], Plaintiff has not satisfied his burden of establishing collateral estoppel because the evidence does not establish that the state court actually litigated or necessarily determined the elements of a claim under 11 U.S.C. § 523(a)(2)(A) – that Defendant obtained money, property, or services through material misrepresentations that he knew were false or made with gross recklessness; that Defendant intended to deceive Plaintiff; that Plaintiff justifiably relied on Defendant's false representations; and that Plaintiff's reliance was the proximate cause of his losses. *Morgan*, 415 B.R. at 649. "Determinations of an issue or issues that are not necessary to a judgment have the characteristics of dicta and will not be given preclusive effect." *Mullins*, 294 S.W.3d at 535. "The necessity requirement . . . ensures that preclusive effect is not given to determinations that did not

9

'receive close judicial attention[.]'" *SunTrust Bank v. Bennett (In re Bennett)*, 517 B.R. 95, 103-04 (Bankr. M.D. Tenn. 2014) (quoting *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 251 (3d Cir. 2006)). The necessity requirement prevents unfairness by "saddl[ing] a party with preclusive effect regarding a finding not receiving close judicial attention or that was merely incidental, collateral or nonessential to the judgment." *Bennett*, 517 B.R. at 104.

Section 523(a)(2)(A) encompasses false pretenses, a false representation, or actual fraud. "The three alternative bases of nondischargeability under § 523(a)(2)(A), although grouped together and frequently conflated, represent different concepts." *Xstrata Canada Corp. v. Delia (In re Delia)*, 2013 WL 5450456, at *10, 2013 U.S. Dist. LEXIS 141119, at *28 (S.D.N.Y. Sept. 30, 2013). As artfully explained by Judge Mashburn in *Bennett*:

> "False pretenses" is not a recognized tort in Tennessee. "False representation" is not, in and of itself, a tort under Tennessee law but rather an element of the tort of fraudulent misrepresentation/fraud. "False representation" by itself, without the requisite intent, will not give rise to a fraud-related claim under Tennessee law. That leaves the final two words – "actual fraud." Fraud is clearly a tort recognized in Tennessee and has a definite meaning outside the broader phrase used by the state court in the judgment.

*Bennett*, 517 B.R. at 104-05. Judge Mashburn determined that a default judgment based on a state-court complaint that expressly used the statutory language of § 523(a)(2)(A) was insufficient to establish collateral estoppel:

> In summary, the state court judgment ultimately concludes that the defendant is liable for (a) "false pretenses" – a tort that no longer exists in Tennessee or (b) "false representation" – which is only one element of the tort of fraud and is not actionable in and of itself, or (c) actual fraud – a recognized tort in Tennessee. Since the first two elements of that phrase do not serve as a basis for liability under state law and since the state court cannot make a finding of nondischargeability merely by parroting the language of Section 523(a)(2)(A), the only phrase that really has potential meaning for collateral estoppel purposes is the third item in the list – "actual fraud."
>
> Obviously, it would make no sense to give preclusive effect to the entire phrase ("false pretenses, a false representation, or actual fraud") if doing so would

> mean recognizing causes of action that do not even exist in Tennessee. In looking at whether the state court finding received "close judicial attention," it simply cannot be ignored that a significant part of the language used by the state court is totally inoperative as a basis for civil liability in Tennessee. It is much more reasonable to conclude that this phrase was merely incidental, collateral or nonessential to the ultimate judgment.

*Id*. at 105 (footnotes omitted).

In short, because Tennessee law does not recognize false pretenses or false representations as a basis for a cause of action, the fact that the Final Judgment states that "Defendant obtained the property from Plaintiff through false representations and on false pretenses" cannot be necessary to the judgment and cannot be relied upon for a finding that Defendant is collaterally estopped from defending those actions in this adversary proceeding.

With respect to actual fraud, the remaining type of fraud provided for by § 523(a)(2)(A), the court likewise finds that collateral estoppel is not applicable. The Final Judgment is silent as to the matter of fraud of any sort outside the finding that "that Defendant obtained the property from Plaintiff through false representations and on false pretenses." [Doc. 1-9.] The Trial Transcript, however, reflects that the state court concluded only "that there [was] . . . at least a constructive fraud." [Doc. 19-1 at pp. 234-35.]

Such is insufficient to establish collateral estoppel in this proceeding based on Tennessee law:

> Constructive fraud is a breach of a legal or equitable duty which is deemed fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests. Constructive frauds are acts, statements or omissions which operate as virtual frauds on individuals. They concern a breach of a legal or equitable duty, with or without fraudulent intent, and entail as an attribute of fraud, conduct which reasonably can be expected to influence the conduct of others.
>
> Constructive fraud is essentially fraud without the element of intent. Neither actual dishonesty of purpose nor intent to deceive is an essential element of constructive

11

fraud. The presence or absence of such an intent distinguishes actual fraud from constructive fraud.

*Akers v. McLemore Auction Co., LLC*, 2014 WL 2442951, at *4, 2014 Tenn. App. LEXIS 311, at *12-13 (Tenn. Ct. App. May 27, 2014) (quoting *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 39-40 (Tenn. Ct. App. 2006)).

On the other hand, within its statutory terms, § 523(a)(2)(A) requires intent on the part of a debtor to deceive; therefore, only actual fraud – but not constructive fraud – is within the scope of § 523(a)(2)(A). *See, e.g., AT&T Universal Card Servs. v. Mercer (In re Mercer)*, 246 F.3d 391, 407 (5th Cir. 2001) ("Scienter distinguishes 'actual' or 'positive' fraud from 'constructive' fraud, or that 'implied'; fraud actionable under § 523(a)(2)(A) is the 'positive' type."); *Diamond v. Vickery (In re Vickery)*, 488 B.R. 680, 690 (B.A.P. 10th Cir. 2013) ("The purpose of section 523(a)(2)(A) in confining nondischargeability to actual fraud is merely to recognize this difference and to exclude constructive fraud." (quoting *McClellan v. Cantrell*, 217 F.3d 890, 894 (7th Cir. 2000))).

Because neither the Final Judgment nor the underlying determinations by the state court as reflected in the Trial Transcript is based upon a finding of actual fraud, and because Tennessee courts do not recognize false pretenses or false representations as distinct causes of action, collateral estoppel does not apply. Accordingly, Plaintiff's Motion for Summary Judgment is denied. An Order consistent with this Memorandum will be entered.

FILED: January 13, 2015

        BY THE COURT

        /s/ *Suzanne H. Bauknight*
        SUZANNE H. BAUKNIGHT
        UNITED STATES BANKRUPTCY JUDGE